IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

BAHMAN KASHANI,
on behalf of himself and all
others similarly situated,

           Plaintiff,

v.                                        Civil Action No.  5:06-cv-00073

INTEGRITY COLLECTIONS, LLC,
PETER MAY, and
CHRIS NIGHTINGALE

           Defendants.

## JOINT MOTION FOR APPROVAL OF CLASS SETTLEMENT

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff Bahman Kashani, on behalf of himself and all others similarly situated, and Defendants Integrity Collections, LLC ("Integrity"), Peter May, and Chris Nightingale, move this Court for approval of the Stipulation and Class Action Settlement Agreement (attached hereto as <u>Appendix A</u>) of the above captioned class action.

    1.      The parties have agreed to certification of a class defined as:

(i) all persons against whom Defendants filed a lawsuit (ii) in an attempt to collect an alleged debt primarily for personal, family, or household purposes (iii) in a Virginia city or county (iv) other than where the person resided or signed the contract sued upon (v) during the period August 8, 2005, through the date of preliminary approval.

    2.      Defendants agree to have the presiding Judge in this case to declare that all judgments obtained by Defendants from class members were obtained in violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692i(a)(2) (hereinafter "FDCPA").  Defendants

agree to the entry of a permanent injunction that enjoins Defendants (a) to secure vacatur of all judgments against the class members, and (b) to direct all credit bureaus by "E:OSCAR" to remove the judgments and to delete Integrity's "trade line." The intent is that Integrity is to secure vactur of all judgments by the state court and to notify the credit reporting bureaus that the judgments have been vacated, and that trade lines regarding the subject debts be removed from the consumers' credit reports.

3. Integrity shall not be prohibited from pursuing collections against class members whose judgments have been vacated in a manner consistent with the FDCPA.

4. Integrity shall pay a total of $6,000 to Plaintiff Bahman Kashani, representing $1,000.00 in statutory damages and $5,000.00 for his services as class representative. Mr. Kashani is to be released from all obligations on his underlying debt.

5. Integrity shall rebate to all class members against whom judgments were obtained and who have made any payments a sum equal to 1% (one percent) of the judgment amount. Integrity shall send a check to all such class members. Defendants agree that class members need not file a claim. Should the check not be cashed within six months of issue date, Integrity may cancel the check, but then must distribute such sum as a *cy pres* remedy to Blue Ridge Legal Services for use in consumer advocacy or education.

6. Defendants shall bear the cost of class administration, to include sending notices to the class members and distribution of the settlement amounts.

7. Defendants shall pay costs and reasonable attorneys' fees in the amount of $20,000.00 to Plaintiff's counsel c/o Dale W. Pittman, Esq. on the following payment terms:

> (a) Beginning the first day of the first month after the court approves the settlement and the sums are paid to plaintiff, Integrity shall pay 9 equal monthly installments in the amount of $2222.22 plus interest on the unpaid balance of

principal at a rate of 9% per annum. The first payment shall be made beginning the 1st day of the month following court approval with a 10 day grace period and is to include interest accruing between the date of settlement approval and the date of payment.

(b) The deferred payments of counsel fees shall be guaranteed by the individual defendants, Peter May and Chris Nightingale. Default, after notice, will cause the entire balance plus interest to be forthwith due and payable.

8. Plaintiff Bahman Kashani and Defendants Integrity Collections, LLC, Peter May, and Chris Nightingale stipulate to the entry an Order Granting Preliminary Approval of the Class Settlement (a proposed order is attached hereto as <u>Appendix B</u>), and directing the mailing of Notice to Class Members of Proposed Settlement (attached as Exhibit A of <u>Appendix A</u>, Stipulation and Class Action Settlement Agreement).

9. This Court shall retain jurisdiction over all matters related to enforcement of the settlement agreement and may enter all orders necessary to do so, including contempt should the circumstances warrant it.

10. After a Final Fairness Hearing is conducted, the parties request that the proposed Order Granting Final Approval of the Class Settlement and Dismissal of Defendants (attached as Exhibit B of <u>Appendix A</u>, Stipulation and Class Action Settlement Agreement) be entered.

WHEREFORE, the parties request that the Court preliminarily approve the

proposed settlement of this litigation as a class action pursuant to Rule 23(b)(3).

Respectfully submitted,

| | |
|---|---|
| _s/ Dale W. Pittman_____ | _s/William E. Shmidheiser, III___ |
| Dale W. Pittman, VSB #15673 | William E. Shmidheiser |
| THE LAW OFFICE OF DALE W. PITTMAN, P.C. | LENHART OBENSHAIN, P.C. |
| The Eliza Spotswood House | 90 North Main Street, Suite 201 |
| 112-A West Tabb Street | Post Office Box 1287 |
| Petersburg, Virginia 23803-3212 | Harrisonburg, Virginia 22803 |
| (804) 861-6000 | (540) 437-3100 |
| (804) 861-3368 (Facsimile) | (540) 437-3101 (Facsimile) |
| | |
| Paul A. Dryer, VSB # 42725 | ATTORNEY FOR DEFENDANTS |
| FRANKLIN, DENNEY, WARD & LAWSON, PLC | |
| 129 North Wayne Avenue | |
| Post Office Drawer 1140 | |
| Waynesboro, Virginia 22980 | |
| (540) 946-4400 | |
| (540) 946-4417 (Facsimile) | |

O. Randolph Bragg, IL Bar # 6221983
Craig M. Shapiro, IL Bar # 6284475
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 E. Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to:

      Bill Shmidheiser, Esquire
      LENHART OBENSHAIN PC
      90 NORTH MAIN STREET, SUITE 201
      P.O. Box 1287
      Harrisonburg, VA 22803
      Counsel of Defendants

                                      s/   Dale W. Pittman _____
                                      By: Dale W. Pittman