## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

BAHMAN KASHANI,                                    **APPENDIX A**
on behalf of himself and all
others similarly situated,

                              Plaintiff,

        v.                                         Civil Action No.  5:06-cv-00073

INTEGRITY COLLECTIONS, LLC,
PETER MAY, and
CHRIS NIGHTINGALE,

                              Defendants.

### STIPULATION OF SETTLEMENT

This AGREEMENT is entered into as of January 19, 2007, between by and among

Plaintiff Bahman Kashani, the Settlement Class (as the term is defined below) (the Settlement

Class and Plaintiff are collectively herein referred to as the "Plaintiffs" unless otherwise noted),

and Defendants Integrity Collections, LLC, Peter May and Chris Nightingale by and through

their respective counsel of record in this Action.  All the parties to this Stipulation (including the

Plaintiffs and the Defendants) shall collectively be referred to as the "Parties" or the "Settling

Parties."  This Stipulation is intended by the Parties to fully, finally and forever resolve,

discharge and settle the Released Claims (as the term is defined below), upon and subject to the

terms and conditions hereof, and subject to the approval of the Court.

## RECITALS

On August 8, 2006, Plaintiff brought a putative class action against Defendants in the United States District Court for the Western District of Virginia, in Case No. 5:06-cv-0073 (the "Action"). The Complaint alleged that Defendants sued Plaintiff and the class members in a Virginia city or county other than where the person resided or signed the contract sued upon. and asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiffs sought to sue on behalf of a putative class of all persons who had been sued in a Virginia city or county other than where the person resided or signed the contract sued upon.

Defendants' Answer (Docket # 10) admits liability. Their Answer also states that Integrity "has continually lost money at its business and is continuing to lose money." Integrity "has lost its owners' initial capital investment, and at this time has a negative net worth, that is, its liabilities exceed its assets." Defendants' Answer further states that Peter May and Chris Nightingale each have a net worth of less than $100,000.00.

On January 19, 2007, the parties participated in a mediation before Magistrate Judge Crigler, resulting in this agreement. Docket # 27.

Defendants contest the available remedies and damages. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases, Defendants have concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation. This Stipulation, and all related documents, shall not be construed as or deemed to be evidence of or an admission or concession on the part of any Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense and length of continued prosecution of the Litigation against Defendants through trial and any subsequent appeals.  Plaintiffs and their counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein.  Based on their evaluation, Plaintiff's Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation.

The Settling Parties, and each of them, shall not assert or pursue in any action, claim or rights that any other party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure.  The Settling Parties agree that the Action was resolved in good faith, following arms' length bargaining, confers substantial benefits upon the Settling Parties, and each of them, and, based upon their evaluation, achieves the best relief possible consistent with their interests.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs and Defendants, and each of them, by and through their respective undersigned counsel that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

**AGREEMENT**

1.      Definitions.

As used in this Stipulation, the following terms have the meanings specified below:

1.1      "Class Administrator" means the firm of H&H Mailing Company, 3405 Commerce Road, Richmond, Virginia 23234.

1.2      "Court" means the United States District Court for the Western District of Virginia.

1.3      "Defendants" means Integrity Collections, LLC, Peter May and Chris Nightingale.

1.4      "Defendants' Counsel" means the law firm of Lenhart Obenshain, P.C..

1.5      "Effective Date of Settlement" or "Effective Date" means the first date by which all of the events and conditions specified in Section 8.1 have been met and have occurred.

1.6      "Final" means one business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment and Order of Dismissal With Prejudice, approving the Settlement substantially in the form of Exhibit B hereto; and (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment and Order of Dismissal With Prejudice without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final

dismissal of any appeal or the final dismissal of any proceeding on certiorari.

      1.7    "Final Judgment and Order of Dismissal With Prejudice" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form of Exhibit B hereto.

      1.8    "Lead Plaintiff's Counsel" or "Plaintiff's Counsel" means: (1) the Law Office of Dale W. Pittman, P.C.; (2)Franklin, Denney, Ward, & Lawson, PLC; and (3) the law firm of Horwitz, Horwitz & Associates.

      1.9    "Notice" means the Notice of Pendancy and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is to be sent to members of the Settlement Class substantially in the form of Exhibit A hereto.

      1.10    "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached as Appendix B of the Joint Motion for Approval of Class Settlement.

      1.11    "Parties" or "Settling Parties" means the Plaintiffs and Defendants.

      1.12    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

      1.13    "Plaintiffs" or "Class Action Plaintiffs" means the Plaintiff and the Settlement Class Members.

      1.14    "Released Parties" means the Defendants and any and all of the Defendants' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners,

principals, members, attorneys, accountants, financial and other advisors, investment

bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal

representatives, successors in interest, assigns and Persons, firms, trusts, corporations,

officers, directors, other individuals or entities in which any Defendant has a controlling

interest or which is related to or affiliated with any of the Defendants, or any other

representatives of any of these Persons and entities.

      1.15   "Released Claims" means all claims (including "Unknown Claims" as

defined below), demands, rights, liabilities or causes of action, in law or in equity,

accrued or unaccrued, fixed or contingent, direct, individual or representative, of every

nature and description whatsoever, whether based on federal, state, local, statutory or

common law or any other law, rule or regulation, including the law of any jurisdiction

outside the United States, against the Released Parties, or any of them, arising out of the

facts, transactions, events, matters, occurrences, acts, disclosures, statements,

misrepresentations, omissions or failures to act that were or could have been alleged or

asserted in the Action, belonging to Plaintiffs and their present or past heirs, executors,

estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates,

affiliates, employers, employees, agents, consultants, insurers, directors, managing

directors, officers, partners, principals, members, attorneys, accountants, financial and

other advisors, investment bankers, underwriters, lenders, and any other representatives of

any of these Persons and entities (including, without limitation, any claims, whether

direct, derivative, representative or in any other capacity, arising under federal, state,

local, statutory or common law or any other law, rule or regulation, including the law of

any jurisdiction outside of the United States) that relate in any way to any violation of

law, any misstatement or omission, any breach of duty, any negligence or fraud or any

other alleged wrongdoing or misconduct.

      1.16   "Settled Claims" means all of the Released Claims.

1.17    "Settlement" or "Settlement Agreement" means the settlement contemplated by this Stipulation.

1.18    "Settlement Class" means all Persons against whom Defendants filed a lawsuit in an attempt to collect an alleged debt primarily for personal, family, or household purposes in a Virginia city or county other than where the person resided or signed the contract sued upon during the period August 8, 2005, through the date of preliminary approval of class settlement.

1.19    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.20    "Unknown Claims" means claims that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.    Settlement Consideration

2.1    Within thirty (30) days of the Effective Date, the Defendants shall cause $6,000.00 to be paid to the Plaintiff, in care of his counsel of record.

2.2    Within thirty (30) days of the Effective Date, Integrity shall rebate to all Settlement Class Members against whom judgment has been obtained and who have made any payments a sum equal to 1% of the judgment amount. Should the check not be cashed within 6 months of issue date, Integrity may cancel the check, but then must

distribute as *cy pres* such sum to Blue Ridge Legal Service for consumer representation or education.

2.3     Within thirty (30) days of the Effective Date, Defendants must secure vacatur of all judgments against the Settlement Class Members and to direct all credit bureaus by "E:OSCAR" to remove the judgments and delete Integrity's "trade line."

2.4     Integrity shall pay to Class Counsel, c/o of Dale Pittman, Esq., the sum of $20,000.00 on the following terms:

(a)     Beginning the first day of the first month after the court approves the settlement and the sums are paid to Plaintiff, Integrity shall pay 9 equal monthly installments in the amount of $2222.22 plus interest on the unpaid balance of principal at a rate of 9% per annum. The first payment shall be made beginning the 1st day of the month following court approval with a 10 day grace period and is to include interest accruing between the date of settlement approval and the date of payment.

(b)     The deferred payment of counsel fees shall be guaranteed by individual Defendants Peter May and Chris Nightingale. Default, after notice, will cause the entire balance plus interest to be forthwith due and payable.

3.     Releases

3.1     The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Action, any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, Plaintiffs, and each of them, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, and each of them.

4.     Settlement Administration

4.1     Within ten (10) business days after the date of the Order for Notice and Hearing, Defendants shall provide the most recent names and addresses of Settlement

Class Members, as contained in Defendants' books and records as of the date of the Order for Notice and Hearing, to the Class Administrator.

4.2     Defendants shall contract with the Class Administrator to require that the Class Administrator cause a copy of the Notice to be sent by first class mail to the addresses provided by Defendants pursuant to Section 4.1 promptly after receiving such addresses from Defendants.

4.3     Defendants, the Released Parties, and Defendants' Counsel shall have no responsibility or liability whatsoever for the Class Administrator's conduct, omissions, or actions, including but not limited to the giving of notice to the Settlement Class described in Section 4.2.

5.      Termination of Settlement

5.1     Plaintiff, on behalf of the Settlement Class, or Defendants, and any of them, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of:  (i) the Court's declining to enter the Order for Notice and Hearing in any material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Court's declining to enter the Final Order and Judgment in any material respect; (iv) the date upon which the Final Order and Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment (defined in Section 8.1(c) below) is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.      Order for Notice of Settlement Hearing

6.1     Promptly after the execution of this Stipulation, Plaintiff's Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of an Order for Notice and Hearing, and approval for the mailing of the

Notice, substantially in the form of Exhibit A hereto, which shall include the general terms of the Settlement set forth in this Stipulation and the date of the Settlement Hearing as defined below.

6.2     At the time of the joint submission described in Section 6.1, Plaintiff's Counsel and Defendants' Counsel shall also jointly request that, after Notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.

6.3     After Notice is given, the Parties shall request and obtain from the Court a Final Order and Judgment essentially identical to the form attached to this Agreement as Exhibit B. The Final Order and Judgment will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

(b)     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Lead Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns;

(c)     finally certify the Settlement Class for settlement purposes;

(d)     find that the Notice and the notice methodology implemented pursuant to the Settlement Agreement (a) constitute the best practicable notice, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendancy of the Action, their right to object to or

exclude themselves from the proposed settlement and to appear at the fairness hearing, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of law, the Due Process Clause of the United States Constitution and the Rules of the Court;

(e)     find that Plaintiff's Counsel and the Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the settlement;

(f)     dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(g)     incorporate the Release set forth above in Section 3, make the Release effective as of the date of the Final Order and Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

(h)     bar and enjoin all Settlement Class Members who have not been excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action, and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action;

(i)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement

Agreement and its implementing documents (including all exhibits to this Agreement) as (a) shall be consistent in all material respects with the Final Order and Judgment, or (b) do not limit the rights of Settlement Class Members;

(j)     without affecting the finality of the Final Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Order and Judgment, and for any other necessary purpose; and

(k)     incorporate any other provisions, as the Court deems necessary and just.

7.     Plaintiff's Counsel's Attorneys' Fees and Reimbursement of Expenses

7.1     Plaintiff's Counsel will be paid attorney's fees and reimbursed for expenses pursuant to Section 2.4.

7.2     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any award resulting from the Fee and Expense Motion.

8.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

8.1     The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)     The Court has entered the Order for Notice and Hearing, substantially in the form attached as Appendix B of the Joint Motion for Approval of Class Settlement;

(b)     The Court has approved the Settlement, following notice to the Class and a hearing, as provided in Rule 23 of the Federal Rules of Civil Procedure, and

Page 12

has entered the Final Order and Judgment, or a judgment substantially in the form of Exhibit B; and

8.2     If some or all of the conditions specified in Section 8.1 are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated subject to Section 8.3 unless Plaintiff's Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation. If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all of the Settling Parties.

8.3     If this Stipulation is terminated or fails to become effective for the reasons set forth in Sections 8.1 and 8.2 above, the Settling Parties shall be restored to their respective positions in the Action as of January 19, 2007, the date of the Mediation before Magistrate Judge Crigler. In such event, any Final Order and Judgment or other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc.

9.     Miscellaneous Provisions

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Plaintiff's Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice of Hearing, the Stipulation, and the Settlement, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2    The Settling Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes that could have been raised in the Action by the Plaintiff and the Settlement Class, and each or any of them, against the Released Parties and Defendants' Counsel, and each or any of them, on the one hand. Accordingly, the Settling Parties agree not to assert in any forum that the Action was brought by the Plaintiff or defended by any of the Defendants, or each or any of them, in bad faith or without a reasonable basis. The Final Order and Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.3    Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(a)    Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    Is, may be deemed, or shall be used, offered or received against Defendants, or each or any of them, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    Is, may be deemed, or shall be used, offered or received against the Lead Plaintiff or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the

Page 14

truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)   Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Stipulation, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Stipulation and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Stipulation. However, if this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)   Is, may be deemed, or shall be construed against the Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)   Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against the Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable under the Complaint would have exceeded or would have been less than any particular amount.

9.4     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.5     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.6     All of the Exhibits to this Stipulation are material and integral parts thereof and are fully incorporated herein by this reference.

9.7     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.9     Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.10    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts.  A complete set of original executed counterparts shall be filed with the Court.

9.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto and the Released Parties.

9.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.13    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

9.14    This Stipulation is deemed to have been prepared by counsel for all parties, as a result of arms' length negotiations among the parties.  Whereas all parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys.

s/ Dale W. Pittman

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W.
PITTMAN, P.C.
The Eliza Spotswood House
112-A W. Tabb Street
Petersburg, Virginia 23803-3212
(804) 861-6000
(804) 861-3368 (Facsimile)


Paul A. Dryer, VSB # 42725
129 North Wayne Avenue
Post Office Drawer 1140
Waynesboro, Virginia 22980
(540) 946-4400
(540) 946-4417 (Facsimile)


O. Randolph Bragg, IL Bar # 6221983
Craig M. Shapiro, IL Bar # 6284475
HORWITZ, HORWITZ &
ASSOCIATES, LTD.
25 E. Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF

s/ William E. Shmidheiser, III

William E. Shmidheiser
LENHART OBENSHAIN, P.C.
90 North Main Street, Suite 201
Post Office Box 1287
Harrisonburg, Virginia 22803
(540) 437-3100
(540) 437-3101 (Facsimile)

ATTORNEY FOR DEFENDANTS

**KASHANI INTEGRITY COLLECTIONS, ET AL.
WESTERN DISTRICT OF VIRGINIA COURT,
CASE NO.: 5:06-CV-0073**

**THIS IS TO NOTIFY YOU THAT YOU MAY RECEIVE A CASH PAYMENT UNDER THE TERMS OF A PROPOSED SETTLEMENT OF THIS LAWSUIT, IF YOU PARTICIPATE AS A MEMBER OF THE SETTLEMENT CLASS. THIS IS NOT A BILL**

THIS NOTICE EXPLAINS:
A. The lawsuit
B. The settlement.
C. Your rights and how to claim your share.
D. Further court proceedings.
E. Additional information.

**A.   THE LAWSUIT**

A class action lawsuit was filed by Bahman Kashani against Integrity Collections, LLC, Peter May, and Chris Nightingale in the United States District Court for the Western District of Virginia alleging violations of the Fair Debt Collection Practices Act.

The Court has made the following rulings: (1) the Class Action Settlement Agreement is preliminarily approved; (2) in conjunction with preliminary approval of the Class Settlement, this Court has certified a Settlement Class in this case; (3) this notice is to be sent to all members of the Settlement Class; (4) the Settlement Class through this notice shall be advised of the right to opt-out or object to this settlement; and (5) you will be bound by its terms and conditions if you do not opt-out.

The Settlement Class is defined as follows:

(i) all persons against whom Defendants filed a lawsuit (ii) in an attempt to collect an alleged debt primarily for personal, family, or household purposes (iii) in a Virginia city of county (iv) other than where the person resided or signed the contract sued upon (v) during the period of August 8, 2005, through January 19, 2007.

**B.   THE SETTLEMENT**

Plaintiff Bahman Kashani and Defendants Integrity Collections, LLC, Peter May, and Chris Nightingale have agreed to settle this case as outlined below. Defendants are willing to enter into the settlement to avoid the further expense and inconvenience of litigation.

**POTENTIAL RECOVERY FOR CLASS MEMBERS**

**Benefits To Class Members**

1.   Defendants will rebate to all class members against whom judgment has been obtained and who have made any payments a sum equal to 1% of the judgment amount.

2.   Defendants will secure vacatur of all judgments against the class members and direct the credit bureaus by "E:OSCAR" to remove the judgments and to delete Integrity's "trade line."

3.   Payment of Plaintiff... attorneys' fees and costs are in addition to the class fund.

Integrity may cancel any checks that have not been cashed within six months and must distribute them as a *cy pres* to Blue Ridge Legal Services for consumer advocacy or education.

**How Much Money Will You Receive?**

**Each class members who has made a payment to Defendants will receive 1% of the judgment against them. The judgments against every class member will be vacated and the corresponding entry on their credit report deleted.**

**When You Will Be Paid:**

The distribution of the checks will be made approximately sixty days from the date of Final Approval by the Court.

**Release of Claims Against the Defendants**

If the terms of this Class Settlement are approved by the Court, and you do not opt out, you release Defendants Integrity Collections, LLC, Peter May, and Chris Nightingale and their past and present parents, affiliates, subsidiaries, successors, assignees, and its present and former directors, officers, employees or agents, attorneys and insurers, from the claims made in this lawsuit.

**Other Parts of the Settlement**

Plaintiff Bahman Kashani will receive $6,000.00 from defendants.

Defendants will pay reasonable attorney fees and nontaxable costs in the amount of $20,000.00 to Class Counsel, Dale W. Pittman, Paul Dryer, and O. Randolph Bragg as approved by the Court.

The costs and attorneys' fees and additional payment to Mr. Bahman are in addition to the Class Settlement identified above.

**C.   YOUR RIGHTS & HOW TO CLAIM YOUR SHARE**

**How To Claim Your Share of the Class Fund:**

**If you wish to claim your share of the class fund, you need not do anything.**

**How to Be Excluded From the Class:**

**If you do not want to participate in the class action, you must notify in writing Class Administrator, H&H Mailing Company whose address is 3405 Commerce Road, Richmond, Virginia 23234 by notice stating that you wish to be excluded from the Class, postmarked and mailed no later than ____. If you opt-out, you will have the right to bring an individual lawsuit on your own behalf against Defendants if you bring it within the time allowed by law. If you brought such a lawsuit and won you might recover a larger amount of money than you will receive under this class action. If you lose your own lawsuit, however, you will recover nothing.**

**Your Right to Intervene or File an Appearance**

You have the right to file an appearance or intervene (participate as a named plaintiff) in this case through your own attorney. However, it is not necessary to appear or intervene in order to receive your share of any recovery. If you do want to intervene or appear through your own attorney, you must do so no later than ____. Otherwise, you will be represented by Plaintiff's attorneys at the hearing and all further court proceedings. You will not be charged for this representation.

**D.   FURTHER COURT PROCEEDINGS**

A Final Fairness Hearing will be held before the Honorable ____ on ____, 2006, at ____ .m. in Courtroom ____, U.S. District Court for the Western District of Virginia, 116 North Main Street, Harrisonburg, Virginia. At the hearing, Judge Conrad will decide whether the proposed settlement is reasonable, adequate and fair. If the Judge approves it, the settlement will be completed and the distributions paid as stated above. Class members who have filed an objection should appear at the hearing to explain their position. **You need not appear in order to receive your share of the class funds.**

**E.   ADDITIONAL INFORMATION**

If you would like more information about this notice or this litigation, you may write the Class Administrator, H&H Mailing Company, 3405 Commerce Road, Richmond, Virginia 23234.

The court papers filed in this case are available at 5:06-cv-0073 and for inspection in the Office of the Clerk, U.S. District Court for the Western District of Virginia, Room 314, 116 North Main Street, Harrisonburg, Virginia. The class action complaint, the order certifying the class, an other documents can be viewed at the following website: www.integritycollectionsclassaction.com.

**Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**


EXHIBIT A



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

BAHMAN KASHANI,
on behalf of himself and all
others similarly situated,

                    Plaintiff,

          v.                                    Civil Action No.  5:06-cv-00073

INTEGRITY COLLECTIONS, LLC,
PETER MAY, and
CHRIS NIGHTINGALE

                    Defendants.

## [PROPOSED] ORDER FINALLY APPROVING CLASS SETTLEMENT

This matter came before the court for hearing pursuant to the order of this court filed

_____, 2007, on the application of the parties for final approval of the settlement set

forth in the Stipulation Of Settlement dated January 19, 2007 (the "Stipulation").  Due and

adequate notice having been given to the settlement class as required in said order, and the court

having considered all papers filed and proceedings had herein and otherwise being fully informed

in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that:

1.        This Judgment incorporates by reference the definitions in the Stipulation, and all terms

used herein shall have the same meanings as set forth in the Stipulation.

2.        This Court has jurisdiction over the subject matter of the Action and over all parties to the

Action, including all members of the Settlement Class.

3.        The Settlement Class is defined as

(i) all persons against whom Defendants filed a lawsuit (ii) in an attempt to collect an alleged

debt primarily for personal, family, or household purposes (iii) in a Virginia city or county (iv) other than where the person resided or signed the contract sued upon (v) during the period August 8, 2005, through January 19, 2007

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

5.      The Court finds that the Stipulation, and Settlement contained therein, is fair, just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation, and Settlement contained therein, is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.      Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class, the Action (including all individual claims and Settlement Class claims presented thereby) is dismissed with prejudice.  The parties are to bear their own fees and costs, except as otherwise provided herein or in the Stipulation.

7.      Upon the Effective Date hereof, and in consideration of Defendants' agreement to (a) have the presiding Judge in this case to declare that all judgments obtained by Defendants from class members were obtained in violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692i(a)(2); (b) the entry of a permanent injunction that enjoins Defendants (i) to secure vacatur of all judgments against the class members, and (ii) to direct all credit bureaus by "E:OSCAR" to remove the judgments and to delete Integrity's "trade line," Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against Defendants and the Released Parties, and each of them.  **A total of _____**

**persons are members of the class the total benefit to the class is $_____. Any amounts which cannot be distributed to the class members is awarded to Blue Ridge Legal Services for consumer advocacy or education.**

8.      Settlement Class Members who have not been excluded from the Settlement Class are hereby barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

9.      The notice given to the Settlement Class by first class mail to the most recent addresses in Defendants' books and records for all Settlement Class Members, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth in the notice, including the proposed Settlement set forth in the Stipulation and the Final Approval Hearing thereon, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

10.     An injunction is hereby entered against Defendant Integrity Collections, LLC enjoining it (i) to secure vacatur of all judgments against the class members, and (ii) to direct all credit bureaus by "E:OSCAR" to remove the judgments and to delete Integrity's "trade line." Attached hereto marked Exhibit A is a list of all such judgments.

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, fault of the Released Parties, or any

of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any

fault or misrepresentation or omission with respect to any statement or written document

attributed to, approved or made by any of any of the Released Parties, in any civil, criminal or

administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be

deemed to be or shall be construed as or received in evidence as an admission or concession

against the Released Parties or Plaintiffs, or each or any of them, that any of the Plaintiffs' claims

are with or without merit, or that the consideration to be given hereunder represents an amount

equal to, less than or greater than that amount which could have or would have been recovered

after trial. Any of the Released Parties or the Plaintiffs may file this Stipulation and/or the Final

Order and Judgment in any action that may be brought against such party or parties in order to

support a defense or counterclaim based on principles of res judicata, collateral estoppel, release,

good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains

continuing jurisdiction over (a) implementation of this Settlement; (b) determination of

applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and

(c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13.     Counsel for Plaintiff and the Settlement Class are awarded fees and reimbursement of

expenses in the amount of $ 20,000.00, to be paid pursuant to terms in the Stipulation of

Settlement.

14.     In the event that the Settlement does not become effective in accordance with the terms of

the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in

accordance with the Stipulation and shall be vacated, and in such event, all orders entered and

releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15.     Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Stipulation) as (a) shall be consistent in all material respects with the Final Order and Judgment, or (b) do not limit the rights of Settlement Class Members.

Dated: _____, 2007          _____
                                        The Honorable Glen E. Conrad
                                        United States District Judge